UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    v.<br><br>RICHARD R. RUDD JR., et al.,<br><br>               Defendants. | CASE NO. C14-5434 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AND DENYING DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on Defendants Carmen Anjari, Castle Ridge, LLC, and Julie Reeung's ("Defendants") motion to dismiss (Dkt. 39) and the Government's motion to strike (Dkt. 63). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the Government's motion and denies Defendants' motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On May 30, 2014, the Government filed a complaint against numerous defendants to foreclose federal tax liens and to sell real property. Dkt. 1.

ORDER - 1

On September 2, 2014, Defendants filed a motion to dismiss. Dkt. 39. On September 25, 2014, the Government responded. Dkt. 47. On October 9, 2014, Defendants replied and submitted evidence in support of the reply. Dkt. 59. On October 14, 2014, the Government filed a surreply that included a motion to strike new arguments and evidence. Dkt. 63.

## II. DISCUSSION

### A. Motion to Strike

Submission of arguments or evidence for the first time upon reply is improper because it unfairly deprives the non-movant of an opportunity to respond. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir.1996).

In this case, the Government requests that the Court strike Defendants' new evidence and the majority of the reply brief. Dkt. 63. Defendants' motion to dismiss was based entirely on the interpretation of state statutes. *See* Dkt. 39. The Government responded that those statutes are irrelevant to the Government's claims. *See* Dkt. 47. Instead of conceding that their initial arguments were without merit, Defendants replied and presented arguments and evidence pursuant to the authorities cited by the Government. Dkts. 59–61. This was improper because the Government does not have a chance to respond to either the new arguments or the new evidence. Therefore, the Court grants the Government's motion to strike.

### B. Motion to Dismiss

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of

1  sufficient facts alleged under such a theory.  *Balistreri v. Pacifica Police Department*,
2  901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the
3  complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295, 1301
4  (9th Cir. 1983).  To survive a motion to dismiss, the complaint does not require detailed
5  factual allegations but must provide the grounds for entitlement to relief and not merely a
6  "formulaic recitation" of the elements of a cause of action.  *Bell Atlantic Corp. v.
7  Twombly,* 127 S. Ct. 1955, 1965 (2007).  Plaintiffs must allege "enough facts to state a
8  claim to relief that is plausible on its face." *Id.* at 1974.

9  In this case, Defendants argue that the Government's claim is precluded by
10 Washington statutes that grant rights to creditors of limited liability companies.  Dkt. 39.
11 The Government argues that Defendants' motion is without merit and that the complaint
12 states a valid claim for relief under the applicable federal statutes.  Dkt. 47.  The Court
13 agrees.  Therefore, the Court denies Defendants' motion.

### III. ORDER

Therefore, it is hereby **ORDERED** that the Government's motion to strike (Dkt. 63) is **GRANTED** and Defendants motion to dismiss (Dkt. 39) is **DENIED**.

Dated this 24th day of November, 2014.

BENJAMIN H. SETTLE
United States District Judge